IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EARL BRAZIEL, #154508                                                                PETITIONER

VERSUS                                                            CAUSE NO. 2:13-cv-79-KS-MTP

RONALD KING, Warden                                                                  RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Braziel, an inmate currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition [1] and consideration of the applicable case law, this Court has determined that Petitioner cannot maintain the instant petition for habeas relief.

Background

Petitioner files the instant habeas petition challenging the disciplinary charge, hearing and resulting punishment of Rule Violation Report (RVR) #1248685 for "assaultive action against any person resulting in serious physical injury." Pet'r's Resp. [5]. In his petition [1], Petitioner states that the RVR was in violation of his due process and there were several administrative errors; that his disciplinary hearing was arbitrary and capricious in violation of Mississippi Department of Corrections' (MDOC) policy; that Petitioner was denied due process by MDOC's failure to provide a disciplinary investigator; and that Petitioner was denied due process rights to call his listed witnesses. The attachments to Petitioner's response [5] establishes that he filed a review of the disciplinary hearing through the Administrative Remedy Program which was denied. Petitioner then appealed the denial of his administrative request by filing a petition with the Circuit Court of Greene County, Mississippi. Pet. [1-1] at 1. When the

Circuit Court of Greene County affirmed the decision of the Administrative Remedy Program, Petitioner filed a motion with the Mississippi Supreme Court in cause number 2013-M-66 which was denied on March 6, 2013. Pet. [1-2] at 1.

In his response [5], Petitioner states that as punishment for being found guilty of RVR 1248685 he was removed from trusty status, he lost all his privileges for two months and he was reclassified from B-custody to C-custody. Because his classification was changed to C-custody and he is required to remain in that classification for one year, he argues that he is unable to earn earned time which amounts to the "loss" of 18-months of earned time.

## Analysis

A petitioner is required to allege that he has been deprived of a Constitutional right in order to maintain a request for habeas relief. *See Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Petitioner argues that his Constitutional rights have been violated as a result of being charged and found guilty of RVR #1248685. As discussed below, Petitioner's grounds for habeas relief do not establish that he has been denied a constitutional right and therefore, the instant habeas petition will be dismissed.

According to the claims and arguments of the instant petition, this Court finds that Petitioner is attempting to assert that he will serve an additional term of incarceration because he is not classified as trusty status. Such argument by Petitioner is without merit. To invoke the protections of the Due Process Clause, Petitioner must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the

classification of Petitioner in a certain level of custody is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation").

Moreover, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So. 2d 271, 274 n.2 (Miss. 2007)(citing Miss. Code Ann. § 47-5-138.1(Rev. 2004)). Therefore, trusty status is determined by the classification board of MDOC pursuant to Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), and said statutes do not create an expectation of any particular classification. *Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984). In sum, Petitioner does not have a constitutionally protected right to a certain classification level (including trusty status) and any accompanying privileges while in prison. Because Petitioner did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by being removed from trusty status, losing his prison privileges for two

months and having his custody classification changed so that he is unable to earn trusty or earned time, he has not suffered a violation of his due process rights. *See Braxton v. Gusman*, No. 10-2241, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

Also, Petitioner is not entitled to relief based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

## Conclusion

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that Petitioner has failed to state a viable ground for habeas corpus relief pursuant to 28 U.S.C. § 2254. Accordingly, this case will be dismissed with prejudice without an evidentiary hearing.

SO ORDERED, this the <u>28th</u> day of May, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE